UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICHARD WAGNER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case 2:23-cv-4221 |
| v. | ) | |
| | ) | |
| **CHABLIS LLC,** an Ohio limited liability company | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **VIPOLI, INC.,** an Ohio for profit company | | |
| | | |
| Defendant. | | |

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendants **Chablis LLC,** an Ohio limited liability company and **Vipoli, Inc.,** an Ohio for profit company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.     Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.     Plaintiff, RICHARD WAGNER, is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.     Defendant, Chablis LLC owns the property located at 5700-5800 Frantz Rd. Dublin, Ohio 43016 in Franklin County which is a shopping center called Northbridge Plaza Plaza.

6.     Defendant Vipoli, Inc. operates the business located at 5736 Frantz Rd. Dublin, Ohio 43016 in Franklin County which is a local Pub located in the Northbridge Plaza, known as "Dub Pub."

7.     Plaintiff has patronized Defendant's shopping center and the businesses and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8.      Upon information and belief, the shopping center owned or operated by Chablis LLC and the pub owned or operated by Vipoli, Inc. are non-compliant with the remedial provisions of the ADA. As Defendants either own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.  Defendants shopping center and the businesses thereon, including the Dub Pub, are places of public accommodation.  Defendants' property and business fail to comply with the ADA and its regulations, as also described further herein.

9.      Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility.  As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10.     Mr. Wagner is a Powell, Ohio resident in Delaware County.  As such, he frequents the shopping centers, restaurants, and other establishments of the Franklin county area, including the Defendant's property that forms the subject of this complaint.

11.     On September 18, 2022 and August 13, 2023 Plaintiff patronized the Defendants' property and place of business. On each of the occasions there was a car show being hosted at the plaza.  Mr. Wagner plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access to the property have endangered his safety and protected access to Defendant's place of public accommodation.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the plaza without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the shopping center and dairy owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**<u>Parking and Accessible Routes</u>**

A. In the parking lot, designated accessible parking spaces are missing the required signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is readily achievable.

B. In the parking lot, signs identifying "van accessible" parking are missing the sign identifying it as a 'van accessible' stall, in violation of the ADA section 502.6 of the 2010

Standards and 1991 ADAAG section 4.6.4, whose remedy is readily achievable.

C.     In the parking lot, some accessible parking spaces and access aisles do not connect to an accessible route, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

D.     In the parking lot, some designated accessible parking spaces are missing required access aisles, in violation of the ADA, section 502.3.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

E.     On the sides of curb ramps, curb ramp flares are steeper than 1:10, in violation of the ADA section 406.3 of the 2010 Standards and 1991 ADAAG section 4.8.2, whose remedy is readily achievable.

**Dub Pub Restroom**

F.     At the Men's restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is readily achievable.

G.     In the Men's restroom the accessible toilet compartment does not provide clearance for a wheelchair user and is out of compliance as it is not 60 inches wide by 59 inches deep, at minimum, in violation of the ADA section 213.3.1 and 604.8.1 of the 2010 Standards and 1991 ADAAG section 4.1.2(6), whose remedy is readily achievable.

H.     In the Men's public restroom within the accessible toilet compartment the toilet rear grab bar is missing, in violation of the ADA section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is readily achievable.

I.     In the Men's restroom stall, the toilet paper dispenser is mounted a few inches above the side grab bar impairing its use, in violation of the ADA section 609.3 of the 2010

Standards and 1991 ADAAG section 4.26.2, whose remedy is readily achievable.

J.     In the Men's restroom accessible toilet compartment the stall door is not self-closing, swings inward impairing clear floor space and lacks door pulls on both sides, in violation of the ADA section 604.8.1.2 of the 2010 Standards, whose remedy is readily achievable.

K.     In the Men's restroom accessible toilet compartment the coat hook is located outside of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

L.     In the Men's restroom there are 2 urinals but neither are accessible and both have a rim height of greater than 17 inches maximum above the finished floor, in violation of the ADA and section 305.3 of the 2010 Standards, whose remedy is readily achievable.

M.     In the Men's restroom the mirror above the sink is mounted more than 40 inches above the finished floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

N.     In the Men's restroom, the paper towel dispensers are too high and out of the maximum height reach range to their operable parts, in violation of the ADA and section 308.3 of the 2010 Standards, whose remedy is readily achievable.

O.     In the Men's public restroom the lavatory/sink does not have the required knee clearance, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.24.3, whose remedy is readily achievable.

P.     In the Men's public restroom the sink water and drainpipes under the lavatory are not adequately insulated to protect against scalding or contact in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

Q.   Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA, whose remedy is readily achievable. A further survey of the site is requested.

**Policy and Procedure**

R.   The Defendants lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

S.   The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mr. Wagner.

**Other Tenant Spaces**

T.   Upon information and belief, among this property's many individual tenant spaces there are a multitude of common violations and barriers to handicap access.  The Chablis LLC Defendant has failed to require compliance with applicable federal ADA laws or at minimum does not monitor hem for such compliance.

16.   The discriminatory violations described in Paragraph 15 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage

without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.     Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.     The Northbridge Plaza and the tenant Dub Pub at issue, as owned or operated by Defendants Chablis LLC and Vipoli, Inc. constitute placse of public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping plaza accessible, and make the dairy accessible to and usable by persons with disabilities, including Plaintiff.

20.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendants operate and own "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The defendants' acts are willful, severe and ongoing. Defendant Chablis LLC has failed to maintain accessible public accommodations and accessible routes for Mr. Wagner and other patrons throughout its shopping plaza, in spite of a duty to do so. Defendant Chablis LLC has not created compliant designated accessible parking spaces for use by customers with disabilities. He is effectively excluded from being a patron at this shopping center due to this ongoing discrimination. Defendant Vipoli, Inc. does not offer any restroom for its patrons who use a wheelchair for mobility. This is unreasonable for guests like Mr. Wagner who come to this restaurant to enjoy drinks and a meal and watch a game at their establishment.

25.     Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net